[No. 24143. Department One. January 16, 1933.]

*In the Matter of the Estate of* JOHN F. ANDERSON, *Deceased.*[1]

*Ray R. Greenwood,* for appellant.
*Marion Garland,* for respondents.

HOLCOMB, J.—This is the second appeal of this litigation. The former decision is reported in *In re Anderson's Estate,* 163 Wash. 228, 1 P. (2d) 231. The history of the case and of the principal parties in-

[1]Reported in 17 P. (2d) 889.

volved is there given and needs no further narration.

On the retrial of the case before the same trial judge (now a member of this bench), having in mind the importance of a determination establishing the legitimacy of the offspring, he again decided against the contention of appellants that there ever had been a marriage between Mary Anderson, mother of appellant, and her father.

There is nothing involved in this case but questions of fact. Having in view the urgency of appellant that the case be re-examined fully upon the former record and the one made in the present case, the statements of fact have been carefully examined.

On the retrial, appellant made an effort to prove that there had been a ceremonial marriage between her mother and Anderson. Appellant failed to produce any documentary evidence of any such marriage, and there was evidence which, by implication, at least, from the fact that the records of priests and others during the time previous to the death of Swan Anderson on September 13, 1889, failed to show any such record, refutes the fact of any ceremonial marriage.

The law in force from and after 1854 (Laws 1854, p. 405), prescribed that every person who should join persons in marriage by virtue of the provisions of that act (an act to regulate marriages), should within three months thereafter, under a penalty of not less than twenty nor more than one hundred dollars for each and every neglect, file a certificate in the office of the clerk of the probate court of the county in which such persons were joined in marriage, which certificate should by such clerk be recorded, and a certified copy thereof should be evidence of such marriage.

No such certificate by any person as having performed such ceremony was ever filed by any person

authorized to join persons in marriage. Consequently, it is negatively proven that there was no such marriage.

■ Appellant also contends that there is a presumption of marriage upon long cohabitation between a man and woman and the birth of a child or children, citing *In re Wren's Estate,* 163 Wash. 65, 299 Pac. 972. There is nothing in common either in the facts or the law between the instant case and the cited case. In that case, it was shown that the parents of the child had been cohabitating together as man and wife and by reason of a statute providing that all children of persons living or cohabitating together as man and wife should for all purposes be legitimate. Moreover, the father had recognized that child in his will.

Unless we can say that the evidence preponderates against the finding of the trial judge, we cannot disturb it. We do not consider that it does so preponderate, but on the contrary, all things being considered, it rather preponderates in favor of the finding of the trial judge.

We can find no reason for disturbing the judgment, and it is affirmed.

TOLMAN, MITCHELL, MILLARD, and PARKER, JJ., concur.